

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 2, 2017

Via ECF
Honorable George B. Daniels
United States District Judge
Southern District of New York
Fax: 212-805-6737

     **Re:**    <u>United States</u> **v.** <u>Adelso Collado,</u>
           **15 Cr. 637 (GBD)**

Dear Judge Daniels:

The Government respectfully submits this letter in advance of the sentencing of Adelso Collado, which is scheduled for October 5, 2017. The Probation Department and the parties agree that the applicable Guidelines range is 70 to 87 months' imprisonment.

The offense conduct is set forth more fully in the Government's June 9, 2017 sentencing submission for co-defendant Jose Alberto Betances. A copy of that submission, along with the accompanying exhibits, which include transcripts of meetings involving defendant Collado, is attached hereto for the Court's convenience. In short, defendant Collado conspired with Betances to import 28 kilograms of cocaine—hundreds of thousands of dollars worth of drugs—into the United States. As part of this conspiracy, Collado participated in multiple meetings in the Dominican Republic, where the drug shipment was discussed, PSR ¶¶ 18-28, and then, traveled to Jacksonville, Florida, to pick up the drug load from an individual purportedly involved in transporting the drug load to the United States, by attaching it to a ship, but who was actually an undercover law enforcement officer, PSR ¶¶ 30-35.

The Government submits that a sentence within the Guidelines range is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Such a sentence would be appropriate in light of the seriousness of the offense and the need to provide just punishment. While the Government agrees that defendant Collado is comparatively less culpable than his co-defendant Betances, Collado's sentencing submission understates his role in the offense somewhat. Collado was not merely a "mule" or courier, *cf.* Def.'s Sentencing Submission at 2, as that term is typically thought of, i.e, an individual who brings relatively small quantities of drugs into the United States on his person or in his belongings. Instead, Collado

Hon. George B. Daniels                                                                              Page 2
October 2, 2017

personally participated, albeit in a lesser way than Betances, in negotiations regarding the drug load.  (*See* PSR ¶¶ 18-28).  And Collado was to be responsible for distributing the drugs once they arrived in the United States.  Notably, Collado personally engaged in communications with the undercover agent regarding the timing of the drug pickup and terms of payment.  (*See* PSR ¶ 33).  As such, the DTO entrusted Collado with far more discretion and responsibility than a typical drug "mule" or courier.  Moreover, the size of the load here—28 kilograms—far exceeds the amount typically found in courier cases.

A Guidelines sentence would also promote the objectives of specific and general deterrence.  First, as to specific deterrence, while the defendant has no criminal history points, this is his third drug-related arrest.  *See* PSR ¶ 52, 54 (describing a "clear plastic baggie containing white cocaine powder [found] on the defendant's person").  Second, as to both specific and general deterrence, a significant sentence is needed to deter individuals like the defendant from assisting in moving large quantities of drugs into the United States, in the hopes of a quick financial payoff.[1]

In short, the Government respectfully submits that the Court impose a Guidelines sentence of between 70 and 87 months.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:        _____/s/_____
Emil J. Bove III
Brendan F. Quigley
Assistant United States Attorneys
(212) 637-2444 / 2190

---

[1] The Government also notes that Collado's sentencing submission incorrectly stats that "[w]hen questioned by federal agents he immediately told then what his role in the conspiracy was." (Def.'s Sent. Submission at 2).  While Collado ultimately met all the requirements for "safety-valve" relief from the otherwise applicable ten-year mandatory minimum, he did not make a substantive post-arrest statement of any kind.